974 So.2d 1 (2008)
Doug WELBORN, in his Official Capacity as Clerk of Court for East Baton Rouge Parish
v.
The 19TH JUDICIAL DISTRICT COURT and the East Baton Rouge Parish Family Court.
No. 2007-C-1087, No. 2007-C-1202.
Supreme Court of Louisiana.
January 16, 2008.
Rehearing Denied February 22, 2008.
Charles C. Foti, Jr., Attorney General, Patricia Hill Wilton, David G. Sanders, Assistant Attorneys General, for applicant in No. 2007-C-1087.
*2 Roedel, Parsons, Koch, Blache, Balhoff & McCollister, Sheri Marcus Morris, Baton Rouge; Shows, Cali, Berthelot & Walsh, Edmond Wade Shows, Jeffrey Kent Cody, Charles C. Foti, Jr., Attorney General, Van A. Heard, Assistant Attorney General, Jill L. Craft Alford, Hon Janice Gartrell Clark, for respondent in No. 2007-C-1087.
Charles C. Foti, Jr., Attorney General, Van A. Heard, Assistant Attorney General, for applicant in No. 2007-C-1202.
Roedel, Parsons, Koch, Blache, Balhoff & McCollister, Sheri Marcus Morris, Baton Rouge; Shows, Cali, Berthelot & Walsh, Edmond Wade Shows, Jeffrey Kent Cody, Charles C. Foti, Jr., Attorney General, Patricia Hill Wilton, David G. Sanders, Assistant Attorneys General, Jill L. Craft Alford, Hon. Janice Gartrell Clark, for respondent in No. 2007-C-1202.
CALOGERO, Chief Justice.
We granted certiorari in this case to" resolve a conflict between the Nineteenth Judicial District Court ("19th JDC") and the East Baton Rouge Parish Family Court ("Family Court") relative to which of the courts is vested with subject matter jurisdiction to hear cases brought under the Protection from Family Violence Act, La.Rev.Stat. §§ 46:2121-:2143, and/or the Protection From Dating Violence Act, Id. § 46:2151, where the victim is an unrelated, "household member" or a "dating partner" of the person against whom the acts of abuse are alleged. Because we find that jurisdiction lies exclusively with the Family Court, and not concurrently with the 19th JDC, we reverse the decision of the Court of Appeal in part, and affirm it in part.

Statutory Background
In 1979, the Louisiana legislature enacted Chapter 28 of Title 46 of the Revised Statutes, entitled "Protection from Family Violence Act." Act. No. 746, 1979 La. Acts 2084. The stated intent of the Act was to "achieve a reduction in serious and fatal injuries to the victims of family violence and to clarify the problems, causes, and remediation of family violence by providing that necessary services including shelter, counseling, and referrals to social services, medical care and legal assistance in the form of a family violence center." La. Rev.Stat. § 46:2121(C) (emphasis added). The Act authorized the creation of a family violence program to develop community shelters which would provide safe refuge for victims of family violence; emergency psychological support and counseling; and information regarding job counseling, housing, emergency medical care, emergency legal assistance, and other social services. Id. §§ 46:2122(A),:2123,:2124.
In 1982 the legislature amended the Act by adding a second part to Chapter 28, designated "Part II. Domestic Abuse Assistance." Act No. 782, 1982 La. Acts 1883.[1] The purpose of that part was to "recognize and address the complex legal and social problems created by domestic violence," and "to provide a civil remedy for domestic violence which will afford the victim immediate and easily accessible protection." La.Rev.Stat. § 46:2131 (emphasis added). Thus, the new part gave petitioners access to ex parte temporary restraining orders, Id. § 13:2135, and protective orders, Id. § 2136, and empowered law enforcement officers to "use all reasonable means to prevent further abuse" when such officers have "reason to believe that a family or household member has *3 been abused," Id. § 46:2140. Consistent with its broader focus on "domestic violence" (as opposed to the "family violence" stated in the original Act), the 1982 amendment extended protection to include not only "family members,"[2] but "household members" as well, which it defines as. "any person of the opposite sex presently or formerly living in the same residence with the defendant as a spouse, whether married or not, who is seeking protection under this part." Id. § 46:2132(4) (emphasis added).
In 2001, the legislature again expanded Chapter 28 by adding "Chapter 28-A. Protection from Dating Violence Act." Act No. 1180, 2001 La. Acts 2594. That Act made a "dating partner" eligible "to receive all services, benefits, and other forms of assistance provided by Chapter 28 of [Title 46]." La.Rev.Stat. § 46:2151(A). A "dating partner" was defined as any person who is or has been in a social relationship of a romantic or intimate nature with the victim and where the existence of such a relationship shall be determined based on a consideration of the following factors:
(1) The length of the relationship.
(2) The type of relationship.
(3) The frequency of interaction between the persons involved in the relationship.
Id. § 46:2151(B).

Factual and Procedural History
In what appears to be a response to the Protection from Dating Violence Act, the Family Court issued en banc orders on September 14, 2001, and January 14, 2004, declaring that it lacked subject matter jurisdiction to hear petitions filed by "dating partners" and "household members," respectively. The Family Court reasoned that its jurisdictional mandate delineated in La.Rev.Stat. § 13:1401[3] limited its *4 jurisdiction to only those petitions where the persons involved are considered "family members," as defined in La.Rev.Stat. § 46:2132(4): "spouses, former spouses, parents and children, stepparents, stepchildren, foster parents, and foster children."
Soon after the second en banc order, an East Baton Rouge Parish resident, Kodi LaShae Collins, filed a petition with the 19th JDC alleging her dating partner was abusing her and sought protection under La.Rev.Stat. § 46:2151. The 19th JDC sustained the defendant's exception of lack of subject matter jurisdiction, holding that jurisdiction was exclusive to the Family Court, and dismissed the case. Given the Family Court's previous en banc order, Collins found herself without a legal remedy and applied for an emergency supervisory writ with the First Circuit Court of Appeal. In an unpublished decision, the First Circuit granted the writ and summarily reversed, holding jurisdiction over such claims was concurrent between the Family Court and the 19th JDC. Collins v. Jack, 05-0745 (La.App. 1 Cir. 4/13/05).
Following the Collins judgment, the Clerk of Court for East Baton Rouge Parish, Doug Welborn, began randomly allotting cases brought by "household members" and "dating partners" among the sixteen judges of the 19th JDC and the four judges of the Family Court.[4] However, the Family Court continued to refuse to hear such cases, contending that the legislature could not expand the Family Court's jurisdiction beyond the limits found in La. Rev.Stat. § 13:1401(A). Furthermore, the Family Court was not a party in the Collins case, that decision was not published, thus and accordingly Collins was not binding on them, assert the judges of the Family Court. The 19th JDC answered this with its own en banc order directing the Clerk of Court to assign these cases among the sixteen judges of the 19th JDC and the four judges of the Family Court. Caught between conflicting court orders, the Clerk of Court filed the instant action with the 19th JDC seeking a declaratory judgment as to how these cases should be assigned. Both courts were named as defendants.[5] The 19th JDC judges recused themselves and a retired judge was assigned ad hoc to hear the case. He held that the 19th JDC and the Family Court were vested with concurrent jurisdiction over actions brought by "household members" and "dating partners" seeking relief from domestic and dating violence.
Both courts appealed that judgment, each claiming that jurisdiction was vested solely with the other. The First Circuit Court of Appeal agreed with each of the two courts only in part, concluding that there was concurrent jurisdiction. Welborn v. 19th Judicial Dist. Court, 06-2307, p. 10 (La.App. 1 Cir. 5/4/07), 961 So.2d 394, 401. From that judgment, both courts have appealed.

Discussion
"Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted." *5 La.Code Civ. Proc. art. 2; Spinosa v. Spinosa, 05-1935, p. 7 (La.7/6/06), 934 So.2d 35, 41. The Louisiana Constitution establishes the subject matter jurisdiction of the district courts: "Except as otherwise authorized by this constitution . . ., a district court shall have original jurisdiction of all civil and criminal matters." La. Const. art. V, § 16(A)(1). While "original jurisdiction of all civil and criminal matters" is a broad grant, the clause "Except as otherwise authorized by this constitution" establishes that the constitution contemplates and permits the legislature to divest the district courts of jurisdiction in certain types of matters. See Lee Hargrave, The Judiciary Article of the Louisiana Constitution of 1974, 37 La. L.Rev. 765, 811 (1977). Article V, section 18 of the constitution authorizes the legislature to grant jurisdiction to juvenile and family courts: "Notwithstanding any contrary provision of Section 16 of this Article, juvenile and family courts shall have jurisdiction as provided by law." La. Const. art. V, § 18; Hargrave, supra, at 811.
La.Rev.Stat. § 13:1401 is the enabling statute for article V, section 18. Subsection (A) of that statute establishes the Family Court and vests it with exclusive jurisdiction in certain matters.[6] Subsection (B) of 13:1401 further expresses that "[t]he family court, for the parish of East Baton Rouge has all such additional jurisdiction, power, and authority now or hereafter provided by law." Thus, while La. Rev.Stat. § 13:1401(A) initially delineates the jurisdiction of the Family Court, 13:1401(B) alludes to the legislature's constitutionally sanctioned right to grant to the Family Court additional jurisdiction.
The 19th JDC contends that the legislature acted within its constitutional and legislative power to confer additional jurisdiction on the Family Court when it enacted La.Rev.Stat. § 46:2133(A), the jurisdictional statute that was included in the 1982 amendments to the Protection from Family Violence Act (the amendments that created "Part II. Domestic Abuse Assistance"). That statute states, "Any court in the state of Louisiana which is empowered to hear family or juvenile matters shall hove jurisdiction over proceedings appropriate to it under this Part." La.Rev.Stat. §, 46:2133(A). However, the Family Court contends in its brief to this Court that "this Court should not ignore [La.Rev.Stat. § 13:1401(A)'s] language which limits the Family Court's jurisdiction to those cases where a familial relationship exists between the parties." (emphasis in original). The Family Court continues:
Before the enactment of LSA  R.S. 13:1401, the 19th Judicial District Court had jurisdiction over family matters. By enacting this statute, the legislature divested the 19th Judicial District Court of this subject jurisdiction and created the Family Court, a new court with exclusive jurisdiction over the expressly enumerated matters and litigants. Thus, jurisdiction over any matter or person that is not enumerated expressly in LSA  R.S. 13:1401 . . . remains with the 19th Judicial District Court. Since the Family Court is not empowered to hear cases where the parties lack some sort of familial relationship, the 19th Judicial District Court has retained exclusive jurisdiction over these matters.
The Family Court reasons that "[a]lthough `household members' may be persons living in a home with a defendant and may be acting like spouses (heretofore not defined in our law), they lack a familial relationship because they are not married and presumably share no children." Thus the Family Court concludes that it may not *6 hear cases involving "household members." The Family Court similarly concludes that it may not hear cases involving "dating partners" since they "have even less of a familial relationship than `Household Members.'"
As to the 19th JDC's contention that La.Rev.Stat. § 46:2133(A) confers additional jurisdiction on the Family Court pursuant to La.Rev.Stat. § 13:1401(B), the Family Court urges that the words "appropriate to it" found within 46:2133(A) "mean[ ] that the Family Court would have jurisdiction over those matters, only if they are appropriate to its jurisdictional mandate pursuant to LSA-R.S. 13:1401." In other words, La.Rev.Stat. § 46:2133(A) does not grant the Family Court the authority to hear cases between "household members" or "dating partners" because those cases are not "appropriate" to the Family Court by virtue of a lack of a familial relationship nexus.
We find the Family Court's arguments unpersuasive. Subsection (B) of La.Rev. Stat. § 13:1401 reserves the legislature's constitutional right to define the Family Court's jurisdiction: "The family court for the parish of East Baton Rouge has all such additional jurisdiction, power, and authority now or hereafter provided by law." Nothing in the Louisiana Constitution or La.Rev.Stat. § 13:1401(A) suggests that a familial relationship must exist before the legislature, may extend the Family Court's jurisdiction to a particular matter. The constitution merely reserves to the legislature the right to determine the Family Court's jurisdiction. See La. Const. art. V, § 18. While La.Rev.Stat. § 13:1401(A) enumerates some of the subject matters within the exclusive jurisdiction of the Family Court, it did not delineate the limits of that court's jurisdiction. Thus, when the legislature enacted La.Rev.Stat. § 46:2133(A), it expanded the Family Court's subject matter jurisdiction so that it may hear claims brought by "household members" (and "family members," for that matter) under the Protection from Family Violence Act.
Similarly, when the legislature enacted the Protection from Dating Violence Act, La.Rev.Stat. § 46:2151, it empowered the Family Court to hear claims brought by "dating partners," since that statute made such claimants "eligible to receive all services, benefits, and other forms of assistance provided by Chapter 28 of [Title 46]." The plain language of the statute makes clear the intent of the legislature to provide "dating partners" with the same relief it had previously made available to "household members" and "family members." We hold that this includes making available not only the same forms of relief, but also the same forum for pursuing that relief (in this instance, the East Baton Rouge Parish Family Court).
Consequently, we disagree with the Family Court's assertion that the phrase, "appropriate to it," found in La.Rev.Stat. § 46:2133(A) means that the Family Court may only hear cases where a familial relationship exists (because those are the only cases "appropriate to it"). Instead, we agree with the interpretation urged by the 19th JDC and adopted by the Court of Appeal, that the "appropriate to it" language refers to the age-related distinctions between family courts and juvenile courts. See Welborn, 06-2307, 8, 961 So.2d at 400.
In support of this interpretation, we note that Chapter 8 of the Louisiana Children's Code, entitled "Domestic Abuse Assistance," La. Child. Code arts. 1564-1575, parallels many of the statutes found in the Domestic Abuse Assistance part of the Protection from Family Violence Act, La. Rev.Stat. §§ 46:2131-:2143. However, the Children's Code tailors those statutes in *7 such a way that they apply specifically to juveniles.[7] Most striking is the fact that article 1565(2) of the Children's Code defines a "household member" in a fashion similar to La.Rev.Stat. § 46:2132(4).[8] The fact that the legislature passed what appears to be a Children's Code analogue to La.Rev.Stat. §§ 46:2131-:2143 indicates to us that the legislature envisioned instances when some claims against "household members" would be "appropriate' to the Family Court, while others would be "appropriate" to a juvenile court. Thus, the phrase "appropriate to it" is meant to highlight the distinction between the family and juvenile courts; it is not a reference to a familial relationship or the subject matters described in La.Rev.Stat. § 13:1401(A), as we interpret that statute.
Having determined that the Family Court is vested with subject matter jurisdiction to hear cases brought by "household members" and/or "dating partners," we now address whether the Family Court's jurisdiction over these matters is exclusive of, or concurrent with, that of the 19th JDC. The Court of Appeal held that jurisdiction was concurrent as relates to the two courts. Welborn, 06-2307, p. 10, 961 So.2d at 401. It stated that under the Louisiana Constitution, the 19th JDC had original jurisdiction over all civil and criminal matters, "unless some constitutional or statutory power removes that power and grants it to another court." Id. at 9, 961 So.2d at 400. The Court of Appeal then noted that La.Rev.Stat. § 13:1401(A) divested the district court of subject matter jurisdiction in particular matters; since "it assigns exclusive jurisdiction over certain specified types of claims to the Family Court." Id. (emphasis in original). By contrast, La.Rev.Stat. § 46:2133(A) merely states, "`Any Louisiana court that is empowered to hear family or juvenile matters shall have jurisdiction over proceedings appropriate to it under this Part.'" Id. (quoting La.Rev.Stat. § 46:2133(A)) (emphasis in original). The Court of Appeal concluded that the words "shall have jurisdiction" in La.Rev.Stat. § 46:2133(A) did not have the same connotation as the words "shall be a court of record with exclusive jurisdiction" in La.Rev.Stat. § 13:1401(A) and held that La.Rev.Stat. *8 § 46:2133(A) did not operate to divest the 19th JDC of jurisdiction. Id. at 9-10, 961 So.2d at 400. Thus, the Court of Appeal held that the 19th JDC and the Family Court have concurrent jurisdiction over these matters. Id. at 10, 961 So.2d at 401.
We respectfully disagree with the Court of Appeal's reasoning and hold that La. Rev.Stat. § 46:2133(A) divested the 19th JDC of jurisdiction to hear claims brought under the Freedom from Family Violence Act and Freedom from Dating Violence Act. To explain our reasoning, it is necessary to first examine the constitutional articles and statutory provisions relevant to the subject matter jurisdiction of the district and family courts.
As discussed above, the Louisiana Constitution grants the district courts broad jurisdiction in all matters. See La. Const. art. V, § 16. However, that grant begins with a caveat: "Except as otherwise authorized by this Constitution . . ., a district court shall have original jurisdiction of all civil and criminal matters." Id. (emphasis added). Stated another way, a district court shall have original jurisdiction of all civil and criminal matters, "[except as otherwise authorized" by the constitution. The question then, is whether by this phrase, the constitution contemplates "authorizing" the legislature to divest the district court of a particular subject matter jurisdiction, or merely "authorizing" the legislature to vest a court of limited jurisdiction with jurisdiction concurrent with the district court. For illumination on this language, we look to the late Professor Hargrave's law review on article V.[9] There he writes,
However, it is less than clear whether the legislature can divest the district court of jurisdiction over some classes of cases and vest that jurisdiction exclusively in courts of limited or specialized jurisdiction.
The starting point for determining this question is Section 16, which makes the grant of jurisdiction to the district courts, "[e]xcept as otherwise authorized by this constitution . . . " The committee's working draft, following the lead of the Law Institute Project, would have vested the jurisdiction "unless otherwise provided in this constitution or by law." That approach allowed the legislature to divest the district court of any jurisdiction the constitution did not state was exclusive in the district court. The committee, however, did not recommend such broad authority in the legislature, and its initial proposal would have qualified the grant of jurisdiction with language, "[u]nless otherwise provided or authorized in this constitution . . . " The later committee proposal condensed the provision to, "[u]nless otherwise authorized by this constitution. . . ." The final styling process resulted in the language as adopted, "[e]xcept as otherwise authorized by this constitution. . . ." It is clear then, that the legislature can divest the district courts of jurisdiction only if the constitution contains an authorization for it to do so.

Hargrave, supra, at 811 (footnotes omitted, italics in original, underscoring added). We agree with this analysis. The caveat of article V, section 16 indicates that the constitution may authorize the legislature to divest the district court of jurisdiction it otherwise would have, and vest it in a court of limited jurisdiction.
The next question is, when the constitution in article V, section 18, gave the legislature *9 authority to grant jurisdiction to the Family Court, did it also intend that the district court be divested of that jurisdiction. Again, we look to Professor Hargrave's article, where he parses the meaning of the "Notwithstanding" clause found in article V, section 18:
Section 18 gives the legislature authority to grant jurisdiction to family and juvenile courts. But does it also grant authority to divest district courts of that jurisdiction? The language of Section 18 is: "Notwithstanding any contrary provision of Section 16 of this Article, juvenile and family courts shall have jurisdiction as provided by law." If concurrent jurisdiction were contemplated, the "notwithstanding" clause would have been unnecessary, for family and juvenile matters are not among those which Section 16 list as being exclusive to the district courts, and the legislature would be empowered to provide for concurrent jurisdiction over such matters. One must then conclude that if the specific reference to Section 16 within the "notwithstanding" clause is to have effect, it must be to "authorize" the legislature to divest the district courts of that jurisdiction and vest exclusively in a specialized family or juvenile court.

Id at 811-12 (emphasis added). We agree that the constitution authorizes the legislature to not only determine the subject matter jurisdiction of the family courts, but also to divest a district court that shares geographic jurisdiction with a family court of that same subject matter jurisdiction.
Therefore, when the legislature enacted La.Rev.Stat. § 13:1401(A), vesting the Family Court with exclusive jurisdiction to hear cases involving divorce, paternity, child support, spousal support, partition of community property, etc., it simultaneously divested the 19th JDC of jurisdiction over these matters. We hold that the subject matters listed in La.Rev.Stat. § 13:1401(A) are what La.Rev.Stat. § 46:2133(A) refers to as "family matters" when it states, "[a]ny court in the state of Louisiana which is empowered to hear family . . . matters shall have jurisdiction over proceedings appropriate to it under [part II of the Freedom from Family Violence Act]." (emphasis added). Therefore, when La.Rev.Stat. § 46:2133(A) recites that "[a]ny court in the state of Louisiana which is empowered to hear family . . . matters" shall have jurisdiction to hear the claims at issue, it is not referring to the 19th JDC because La.Rev.Stat. § 13:1401(A) has previously divested the 19th JDC of its authority to hear "family matters."
Therefore, as between the Family Court and 19th JDC, the Family Court  and only the Family Court  is vested with jurisdiction to hear claims under part II of the Freedom from Family Violence Act, since it is the only court in East Baton Rouge Parish "empowered to hear family . . . matters." Similarly, claims brought by "dating partners" under the Protection from Dating Violence Act, La.Rev.Stat. § 46:2151, are under the exclusive jurisdiction of the Family Court since that statute provides its claimants with the same "services, benefits, and other forms of assistance provided by Chapter 28 of Title 46" (the "Protection from Family Violence Act"). For these reasons, we hold that La.Rev.Stat. § 46:2151 entitles its claimants to not only the same forms of relief as their "household" and "family member" counterparts, but also to the same forum for pursuing that relief, the East Baton Rouge Parish Family Court.

Decree
The judgment of the Court of Appeal is affirmed in part, and reversed in part. *10 The East Baton Rouge Parish Family Court, and not the Nineteenth Judicial District Court, is the court with exclusive jurisdiction to hear claims brought by "household members" or "dating partners" under the "Protection from Family Violence Act" and the "Protection from Dating Violence Act," respectively.
AFFIRMED IN PART, REVERSED IN PART; DECREE ENTERED.
TRAYLOR, J., dissents with reasons.
TRAYLOR, Justice, dissenting.
The majority opinion finds that the exclusive jurisdiction, in East Baton Rouge Parish, for those cases brought pursuant to the Protection from Family Violence Act (LA.REV.STAT. §§ 46:2121-2143) and/or the Protection from Dating Violence Act (LA.REV.STAT. § 46:2151) lies with the Family Court; however, a careful reading of the applicable legislation does not suggest that the 19th Judicial District Court is divested of its concurrent jurisdiction to hear such cases.
With regard to the jurisdiction of district courts, LA. CONST. art. V, § 16(A) provides:
(A) Original Jurisdiction. (1) Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all civil and criminal matters. (2) It shall have exclusive original jurisdiction of felony cases and of cases involving title to immovable property, except as provided in (3) below; the right to office or other public position; civil or political right; probate and succession matters; except for administrative agency determination provided for in (1) above, the state, a political corporation, or political subdivisions, or a succession, as a defendant; and the appointment of receivers or liquidators for corporations or partnerships. (3) The legislature may provide by law that a family court has jurisdiction of cases involving title to movable and immovable property when those cases relate to the partition of community property and the settlement of claims arising from matrimonial regimes when such action arises as a result of divorce or annulment of marriage.
With regard to the jurisdiction of family and/or juvenile courts, LA. CONST. art. V, § 18 provides:
Notwithstanding any contrary provision of Section 16 of this Article, juvenile and family courts shall have jurisdiction as provided by law. (Emphasis added).
In accordance with the constitutional provisions, the Legislature specified the jurisdiction of the Family Court for East Baton Rouge Parish in LA.REV.STAT. § 13:1401, which provides:
A. There is hereby established the family court for the parish of East Baton Rouge, which shall be a court of record with exclusive jurisdiction in the following proceedings:

(1) All actions for divorce, annulment of marriages, claims for contributions made by one spouse to the education or training of the other spouse, establishment or disavowal of the paternity of children, spousal and child support, and custody and visitation of children, as well as of all matters incidental to any of the foregoing proceedings, including but not restricted to the issuance of conservatory writs for the protection of community property, the awarding of attorney fees in judgments of divorce, the cumulation of and rendering executory of spousal and child support, the issuance of writs of fieri facial and garnishment under *11 judgments of the court for spousal and child support and attorney fees, jurisdiction of which was vested in the Nineteenth Judicial District Court for the parish of East Baton Rouge prior to the establishment of the family court for the parish of East Baton Rouge.
(2)(a) All actions between spouses or former spouses for partition of community property and property acquired pursuant to a matrimonial regime.
(b) All actions for the termination or modification of a matrimonial regime.
(c) All actions for the settlement and enforcement of claims arising from matrimonial regimes or the establishment thereof.
(d) All actions between former spouses seeking the enforcement of a judicial or contractual settlement of claims provided in this Subsection.
(3) All proceedings for writs of habeas corpus for the determination and enforcement of rights to the custody of minors or for the release of any person in actual custody in any case of which the family court has original jurisdiction.
B. The family court for the parish of East Baton Rouge has all such additional jurisdiction, power, and authority now or hereafter provided by law. (Emphasis added).
While I agree that exclusive jurisdiction for those issues outlined by LA.REV.STAT. § 13:1401(A) lies with the Family Court, I disagree that the Protection from Family Violence Act (LA.REV.STAT. §§ 46:2121-2143) and/or the Protection from Dating Violence Act (LA.REV.STAT. § 46:2151) fall under the Family Court's exclusive jurisdictional domain. Furthermore, the fact that the Family Court may be afforded "additional jurisdiction, power, and authority" does not suggest that such additional jurisdiction is exclusive.
With regard to the proper jurisdiction for those matters falling within the purview of the Protection from Family Violence Act and/or the Protection from Dating Violence Act, LA.REV.STAT. § 46:2133 provides, in pertinent part:
A. Any court in the state of Louisiana which is empowered to hear family or juvenile matters shall have jurisdiction over proceedings appropriate to it under this Part.
. . . .
C. An adult may seek relief under this Part by filing a petition with the court alleging abuse by the defendant. Any parent, adult household member, or district attorney may seek, relief on behalf of any minor child or any person alleged to be incompetent by filing a petition with the court alleging abuse by the defendant. A petitioner's right to relief under this Part shall not be affected by leaving the residence or household to avoid further abuse. (Emphasis added).
Clearly, the Family Court has jurisdiction to hear cases brought pursuant to the domestic violence, legislation; however, the 19th Judicial District Court is also empowered to hear those family matters of which it has not been divested, in accordance with LA.REV.STAT. § 13:1401. LA. REV.STAT. § 13:1401 does not specify that exclusive jurisdiction for those matters pertaining to the Protection from Family Violence Act and/or the Protection from Dating Violence. Act lies with the Family Court. As the First Circuit aptly noted in its decision:
In contrast to the grant of exclusive jurisdiction in subsection 1401(A), the other statutes we are reviewing do not specify that the jurisdiction assigned therein is exclusive. The Domestic Abuse Assistance Act states in LSAR.S. 46:2133, "Any Louisiana court that *12 is empowered to hear family or juvenile matters shall have jurisdiction over proceedings appropriate to it under this Part" (emphasis added), which includes actions brought by unrelated "household members." And the Protection from Dating Violence Act, while it does not include a specific grant of jurisdiction, provides to "dating partners" all of the services, benefits, and other assistance available under Chapter 28 of Title 46 of the Revised Statutes, which includes LSA-R.S. 46:2131, et seq. Of those provisions, only LSA-R.S. 46:2133 has a jurisdictional statement.
We conclude that the words "shall have jurisdiction" in LSA-R.S. 46:2133 do not have the same connotation as the words "shall be a court of record with exclusive jurisdiction," as stated in LSA-R.S. 13:1401(A), Clearly, when the legislature exercises its constitutional authority to divest a district court of jurisdiction over certain matters and assign those matters to another court or courts, it does so by using the word, "exclusive." Neither the Domestic Abuse Assistance Act nor the Protection from Dating Violence Act uses the word "exclusive" in assigning authority to the Family Court over the types of claims described therein. While the word "shall" in a statute is mandatory, mandatory does not have the same meaning as "exclusive." Therefore, the 19th JDC was not divested of its authority in domestic violence cases by the provisions of LSA-R.S. 46:2133.[1]
Accordingly, because the majority opinion incorrectly divested the 19th Judicial District Court of its concurrent jurisdiction to hear these domestic and/or dating violence cases, I respectfully dissent.
NOTES
[1] Consequently, the original sections of the Protection from Family Violence Act discussed above were redesignated "Part I. Family Violence Shelters." See Act No. 782, 1982 La. Acts 1883.
[2] La.Rev.Stat. § 46:2132(4) defines "family members" as "spouses, former spouses, parents and children, stepparents, stepchildren, foster parents, and foster children."
[3] La.Rev.Stat. § 13:1401 states:

§ 1401. Family court for the parish of East Baton Rouge; establishment; jurisdiction
A. There is hereby established the family court for the parish of East Baton Rouge, which shall be a court of record with exclusive jurisdiction in the following proceedings:
(1) All actions for divorce, annulment of marriages, claims for contributions made by one spouse to the education or training of the other spouse, establishment or disavowal of the paternity of children, spousal and child support, and custody and visitation of children, as well as of all matters incidental to any of the foregoing proceedings, including but not restricted to the issuance of conservatory writs for the protection of community property, the awarding of attorney fees in judgments of divorce, the cumulation of and rendering executory of spousal and child support, the issuance of writs of fieri facias and garnishment under judgments of the court for spousal and child support and attorney fees, jurisdiction of which was vested in the Nineteenth Judicial District Court for the parish of East Baton Rouge prior to the establishment of the family court for the parish of East Baton Rouge.
(2)(a) All actions between spouses or former spouses for partition of community property and property acquired pursuant to a matrimonial regime.
(b) All actions for the termination or modification of a matrimonial regime.
(c) All actions for the settlement and enforcement of claims arising from matrimonial regimes or the establishment thereof.
(d) All actions between former spouses seeking the enforcement of a judicial or contractual settlement of claims provided in this Subsection.
(3) All proceedings for writs of habeas corpus for the determination and enforcement of rights to the custody of minors or for the release of any person in actual custody in any case of which the family court has original jurisdiction.
B. The family court for the parish of East Baton Rouge has all such additional jurisdiction, power, and authority now or hereafter provided by law.
[4] The Clerk of Court for the 19th JDC also serves as the clerk of the Family Court. See La.Rev.Stat. § 13:1405.
[5] The. Clerk of Court takes no position on whether the subject matter for these cases is vested with the Family Court, the 19th JDC, or concurrently vested with both.
[6] See note 1, supra.
[7] For instance, compare the language of La. Rev.Stat. § 46:2131, with La. Child. Code art. 1564: La.Rev.Stat. § 46:2131 states, "The purpose of this Part is to recognize and address the complex legal and social problems created by domestic violence [and to) provide a civil remedy for domestic violence which will afford the victim immediate and easily accessible protection." Similarly, La. Child. Code art. 1564 states "[t]he purpose of this Chapter is, to recognize and address the complex legal and social problems created by domestic violence and to provide a civil remedy in the juvenile courts for domestic violence in homes in which children reside which will afford the victim immediate and easily accessible protection." Furthermore, the "Historical and Statutory Notes" of every Children's Code "Domestic Abuse Assistance" article references an analogous statute in Title 46 of the Revised Statutes as the "source" of the Children's Code article.
[8] La. Child. Code. art. 1565(2) states

"Family or household member" means spouses, former spouses, parents and children, stepparents, foster parents, foster children, and any person living in the same residence with the defendant as a spouse whether married or not if a child or children also live in the residence, who are seeking protection under this Chapter. (emphasis added).
By way of comparison, La.Rev.Stat. § 46:2132(4) states
"Family members" means spouses, former spouses, parents and children, stepparents, stepchildren, foster parents and foster children. "Household member" means any person of the opposite sex presently or formerly living in the same residence with the defendant as a spouse, whether married or not, who is seeking protection under this Part." (emphasis added).
[9] Professor Hargrave served as Coordinator of Legal Research for the Constitutional Convention of 1973. Hargrave, supra, at 765 n. *.
[1] Welborn v. 19th Judicial District Court, 06-2307, pp. 9-10 (La.App. 1 Cir. 5/4/07); 961 So.2d 394, 400-401.