Dear Mr. Morvant and Ms. Randolph:
You have each requested an opinion of this office regarding whether revenue bonds secured solely by sales tax revenues may be issued under the provisions of La.R.S. 39:1430 and whether they may be sold at a private sale pursuant to the provisions of La.R.S. 39:1426(B). Since both requests are regarding the same bond issuance, we have opted to address them in a singe opinion.
On November 6, 2008, the Road Sales Tax District No. 2 of the Lafourche Parish (the "District") issued $10,000,000 Public Improvement Revenue Bonds, Series 2008, for the purpose of providing funds to make improvements to the public roads and streets within the District. The bonds were issued pursuant to the provisions of La.R.S. 39:1430 and sold at a private sale pursuant to the provisions of La.R.S. 39:1426(B). A question has arisen as to whether this was a proper way to issue sales tax revenue bonds and you have each requested an opinion of this office on that issue. For the reasons set forth below, it is the opinion of this office that revenue bonds secured solely by and payable solely from sales tax revenue of a public entity may be issued under La.R.S. 39:1430, provided that the annual debt service is not in excess of 75% of the sales tax revenue estimated to be received in the calendar year that the bonds are issued. We are further of the opinion that such sales tax revenue bonds may be sold at a private sale in accordance with the provisions of La.R.S. 39:1426(B).
La.R.S. 39:1430 provides: *Page 2 
 A. Notwithstanding any provision of law to the contrary, public entities may issue revenue bonds for any authorized purpose payable out of the income, revenues, and receipts derived or to be derived from the properties and facilities owned, leased, mortgaged, or pledged to, maintained or operated by the public entity or received by the public entity from these properties and agreements, pledge agreements, or other financing agreements, between that public entity or any entity, or from any other sources whatsoever, including but not by way of limitation sales tax revenues, provided annual debt service is not in excess of seventy-five percent of the sales tax revenues estimated to be received in the calendar year the bonds are issued, other monies which, by law or contact, may be made available to the public entity. No filing with respect to the pledge of income and revenues to the payment of revenue bonds issued under the constitution or any statute of this state need be made under Chapter 9 of Title 10 of the Louisiana Revised Statutes of 1950, as amended.
 B. Nothing contained in this Section is or shall be construed as a restriction or a limitation upon any powers which any public entity might otherwise have under any laws of this state. This Section shall be regarded as supplemental and additional to powers conferred by other laws. [Emphasis added.]
This statute was initially enacted by Act No. 513 of the 1982 Regular Session of the Louisiana Legislature for the purpose of providing that variable rate bonds could be issued under La.R.S.39:1421, et seq.
Act No. 513 also provided that revenue bonds could be issued by a public entity for any authorized purpose and could be payable out of certain revenues specifically set forth therein. For purposes of Act No. 513, revenues that would support the issuance of revenue bonds did not include sales tax revenues of a public entity. Instead, the Act stated that "`[r]evenue bonds', as used in this Section, shall have the meaning set forth in R.S. 39:1428." However, La.R.S. 39:1428 did not contain a definition of "revenue bonds." Act No. 727 of the 1985 Regular Session of the Louisiana Legislature specifically deleted from Section 1430 the reference to the definition of a "revenue bond."
Act No. 619 of the 1988 Regular Session of the Louisiana Legislature further amended La.R.S. 39:1430 and was enacted "[t]o amend and reenact R.S. 39:1430, relative to revenue bonds and security therefor, to authorize the use of sales tax revenues for payment of debt service on revenue bonds sold by public entities, and to provide for related matters." Act 619 specifically provided that public entities were authorized to issue revenue bonds for any authorized purpose payable out of certain enumerated revenues, and specifically included among the enumerated revenues the following: "any other sources whatsoever, *Page 3 
including but not by way of limitation sales tax revenues, provided annual debt service is not in excess of seventy-five percent of the sales tax revenues estimated to be received in the calendar year the bonds are issued. . . ."
Around the same time 1988 Acts No. 619 amended La.R.S. 39:1430 to include the language quoted above, this office issued Atty. Gen. Op. No. 88-472. The opinion considered whether bonds secured solely by an irrevocable pledge and dedication of the net avails of a one percent sales and use tax being levied by the parish would be considered "revenue bonds" under La.R.S. 39:1430. The opinion considered the language of La.R.S. 39:1430 and La.R.S. 39:1421, which contains a definition section for the chapter and defines "revenue bonds" as follows:
 (4) "Revenue bonds" shall mean bonds or other debt obligations payable from and secured solely by a pledge of the income and revenues derived or to be derived from fees, rates, rentals, tolls, charges, grants or other receipts, income or revenue derived from any properties or facilities belonging to a public entity or the use thereof.
Based on the definition of "revenue bonds" in La.R.S. 39:1421, the opinion concluded that the bonds in question "would not be revenue bonds as defined in R.S. 39:1321(4) or as used in 39:1430 because the bonds are not payable from `fees, rates, rentals, tolls, charges, grants, or other receipts, income or revenues derived from any properties or facilities.'" Because the bonds were found not be revenue bonds, the opinion further concluded that they must be sold at a competitive sale as provided by La.R.S. 39:698.7 and La R.S. 39:1426(A).
We find the language of La.R.S. 39:1430 to be clear and unambiguous. The law states that public entities may issue revenue bonds "from any other sources whatsoever, including but not by way of limitation sales tax revenues. . . ." We believe this is ample authority for revenue bonds secured solely by sales tax revenues to be issued under La.R.S. 39:1430
(provided the annual debt service is not in excess of seventy-five percent of the sales tax revenues estimated to be received in the calendar year the bonds are issued).
La.R.S. 39:1430, as currently written, begins with the phrase "[n]otwithstanding any provision of law to the contrary. . . ." The "notwithstanding" clause has been interpreted by the Louisiana Supreme Court and clearly means that no other provision of law need be considered in the application of such statute. See Welborn v. 19th Judicial Dist.Court, 2007-1087 (La. 1/16/08), 974 So.2d 1; see also Louisiana StateEmployees' Retirement System v. McWilliams, 2006-2191 (La. 12/2/08),996 So.2d 1036. Further, La.R.S. 39:1430 provides that a public entity may issue bonds payable out of certain specified income, revenues, and *Page 4 
receipts, "or from any other source whatsoever, including but not by way of limitation sales tax revenues . . ." (emphasis added). It is well established under Louisiana law that the use of disjunctive in a statue indicates alternatives and requires that those alternatives be treated separately. See La.R.S. 1:9; see also Quindlen v. Prudential Ins. Co.of America, 482 F.2d 876, 878 (5th Cir. 1973). Considering the plain language of La.R.S. 39:1430, including its "notwithstanding" clause and use of the disjunctive (signifying options for the public entity), it is the opinion of this office that revenue bonds secured solely by and payable solely from sales tax revenue of a public entity may be issued under La.R.S. 39:1430, provided that the annual debt service is not in excess of 75% of the sales tax revenue estimated to be received in the calendar year that the bonds are issued. Accordingly, we hereby recall Atty. Gen. Op. No. 88-472.
We now turn to whether revenue bonds issued under La.R.S. 39:1430 may be sold at a private sale pursuant to the provisions of La.R.S. 39:1426(B), which provides:
 B. Notwithstanding the provisions of any other law relating to the issuance of revenue bonds of public entities, revenue bonds may be sold at public sale as provided in Subsection A of this Section or may be sold at private sale in the manner determined by the governing authority of the issuer of such bonds, provided the issuance of the revenue bonds is approved by the State Bond Commission, and in the case of a private sale, is approved by two-thirds of the members present and voting of the State Bond Commission.
Paragraph (B) also includes a "notwithstanding" clause, and therefore the provisions of La.R.S. 39:698.1, et seq., are not applicable.[1]
La.R.S. 39:1426(B) gives public entities issuing revenue bonds a choice: either sell the bonds at a public sale as detailed in paragraph (A) of the statute, or sell them at a private sale (with State Bond Commission approval as explained above). Laws regarding statutory interpretation tell us "[u]nless it is otherwise clearly indicated by the context, whenever the term "or" is used in the Revised Statutes, it is used in the disjunctive and does not mean "and/or"." La.R.S. 1:9. Therefore, it is the *Page 5 
opinion of this office that when a public entity issues sales tax revenue bonds under La.R.S. 39:1430, the bonds may be sold at a private sale pursuant to the provisions of La.R.S. 39:1426(B).
Based on the foregoing and your representation that the $10,000,000 Public Improvement Revenue Bonds, Series 2008, recently issued by the Road Sales Tax District No. 2 of the Lafourche Parish met the requirements of La.R.S. 39:1430 (and therefore were sold at a private sale pursuant to the provisions of La.R.S. 39:1426(B)), it is further the opinion of this office that the bonds were properly issued.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 BY: __________________________ Lindsey K. Hunter Assistant Attorney General
 JDC/LKH/crt
[1] La.R.S. 39:698.1, et seq. provides another way for public bodies to issues sales tax revenue bonds. If issued under this section, the bonds must be "advertised for sale on sealed bids, in accordance with the law of Louisiana providing a uniform advertising procedure for securities of public entities required to be sold at public sale on sealed bids. The governing authority may reject any and all bids. If the bonds are not sold pursuant to the advertisement, they may be sold by the governing authority at private sale within sixty days after the date advertised for the reception of sealed bids, but no private sale shall be made at a price less than the highest bid which shall have been received. If not so sold, the bonds shall be readvertised in the manner herein prescribed." La.R.S. 39:698.7.