WEIMER, J.,
dissents.
|TI respectfully dissent. I believe the family court retains jurisdiction over a pending community property partition suit arising from a matrimonial regime despite the death of one spouse.
The jurisdiction of the family court, the majority correctly notes, is provided by statute, La. R.S. 13:1401. As the majority also correctly notes, the family court had jurisdiction at the time that Ms. McCann filed her petition for partition of community property. However, the majority overlooks that La. R.S. 13:1401(A)(2)(c) confers jurisdiction over “[a]ll actions for the settlement and enforcement of claims arising from matrimonial regimes.” (Emphasis added.) Furthermore, as this court has already held, “the jurisdiction established by subsection 2(c) over actions for the settlement and enforcement of claims is not limited to actions ‘between spouses or former spouses.’ ” Spinosa v. Spinosa, 2005-1935, p. 17 (La.7/6/06), 934 So.2d 35, 47. Thus, the majority now errs when ruling that jurisdiction over a matter “arising from [a] matrimonial [regime]” under La. R.S. 13:1401(A)(2)(c) was lost when one of the former spouses died because *552 this court has ^previously rejected the premise that the family court’s jurisdiction is limited to actions between spouses or former spouses.
Additionally, the majority’s ruling is contrary to the longstanding rule that “the personal jurisdiction of a court over a party is determined as of the time of the filing of the suit.” de Reyes v. Marine Management and Consulting, Ltd., 586 So.2d 103, 114 (La.1991). Although de Reyes involved in personam jurisdiction, and this matter involves subject matter jurisdiction, the principle is the same. Jurisdiction should be determined at the filing of the action. Indeed, the majority’s ruling turns this timing rule on its head by effectively transferring the partition action to a district court that was powerless to hear the action when it was filed. See Welborn v. 19th Judicial Dist. Court, 2007-1087 (La.1/16/08), 974 So.2d 1, 9 (“[Wjhen the legislature enacted La.Rev.Stat. § 13:1401(A), vesting the Family Court with exclusive jurisdiction to hear cases involving divorce, paternity, child support, spousal support, partition of community property, etc., it simultaneously divested the 19th JDC of jurisdiction over these matters.”).
As indicated, jurisdiction remains in the family court once established, even following the death of a spouse, based on this matter “arising from matrimonial regimes.” La. R.S. 13:1401(A)(2)(c).
Because jurisdiction was unquestionably proper in the family court at the outset, the Code of Civil Procedure provides a framework for substituting parties when vacancies are caused by the death of a party, such as happened here with Mr. McCann’s passing. See La. C.C.P. art. 801, et seq. The majority’s present holding gives an incomplete and erroneous effect to the Code of Civil Procedure’s substitution articles, which should be applied to substitute the succession representative and place the succession representative into Mr. McCann’s stead in the action already pending [3in the family court. See La. C.C.P. art. 801 (describing voluntary substitution of a legal successor in place of a deceased litigant); see also La. C.C.P. art. 802 (describing compulsory substitution of a legal successor in place of a deceased litigant).
Moreover, La. C.C.P. art. 428 provides:
An action does not abate on the death of a party. The only exception to this rule is an action to enforce a right or obligation which is strictly personal.
As the court of appeal explained in the instant matter, while an action for divorce may be strictly personal, the resolution of property interests is not strictly personal. See Larocca v. Larocca, 597 So.2d 1000, 1004-05 (La.1992) (holding that the death of a party’s spouse did not result in the abatement of a divorce action in which an unresolved ancillary claim involving a property interest had been appended). Furthermore, in domestic proceedings, this court established the doctrine of continuing jurisdiction, ie., once a trial court obtains jurisdiction in a divorce or separation proceeding, it retains jurisdiction over any incidental matters connected with the original proceedings. See Gowins v. Gowins, 466 So.2d 32, 35 (La.1985). Thus, the majority’s present ruling runs contrary not only to the substitution articles in the Code of Civil Procedure, but also to the previously-recognized doctrine of continuing jurisdiction.
The majority’s present ruling also invites judicial inefficiency. At the time of Mr. McCann’s passing, the partition action was pending for approximately one year. The parties had staked out their positions and already actively litigated their dispute. In response, the family court judge had appointed a real estate expert to inventory *553 and evaluate immovable property held by the community. The family court judge also had appointed a financial- expert to value the remainder of the property at issue in the |4McCanns’ divorce. Had the matter proceeded to the completion of a trial after which Mr. McCann died before a judgment was signed, it is unclear whether the majority’s ruling would divest the family court of the power to sign the judgment.
The majority’s ruling makes no provisions for this and similar situations that could easily be envisioned regarding the finality of the work already undertaken by the family court when a party dies during litigation. What is certain, however, is that the substitution articles in the Code of Civil Procedure, and the longstanding rule that jurisdiction is evaluated at the time of filing, would provide for continuity of the work already undertaken by the family court. What is equally certain is that transferring this action to the district court now, as the majority of this court effectively does, is a step backwards from the prior progress made by the family court to actually resolve this community property dispute.